CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/17/2020
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ALISHA GUPTA, *Plaintiff*, v. RALPH NORTHAM, *et al.*, *Defendants*. | CASE NO. 6:19-cv-00015<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Before the Court is an undefended motion to dismiss Count IV of the amended complaint pursuant to Rule 12(b)(1), submitted by Defendants Commonwealth of Virginia, Governor Ralph Northam, Dr. S. Hughes Melton, and Dick Roberts. Dkt. 22. Defendants assert that Count IV, seeking "Enforcement of Settlement Agreement," is foreclosed by the settlement agreement Plaintiff Alisha Gupta seeks to enforce here. Dkt. 23. The Court agrees and shall grant Defendants' motion to dismiss Count IV with prejudice.

### BACKGROUND

On April 1, 2019, Plaintiff Alisha Gupta, through her parents and guardians Atul Gupta and Sashi Lata ("the Gupta family"), initiated this action against state officials, employees and physicians involved in the care of Alisha. Born on August 9, 2000, with a congenital defect severely affecting her brain functioning, Alisha is unable to speak, swallow ambulate or otherwise care for herself. Dkt. 15-1 ¶ 10 (amended complaint). Since 2003, she has resided as a patient at the Central Virginia Training Center ("CVTC"), a Madison Heights facility operated by the Commonwealth for the care of the severely disabled.

The Gupta family have been satisfied with CVTC's treatment of Alisha—specifically with

1

regard to her individualized diet mandated by her and her parents' religious beliefs (Jain Hindu)—but CVTC is in the process of closing as a result of a 2012 Settlement Agreement reached between the United States and the Commonwealth of Virginia. *See United States v. Commonwealth of Virginia, et al.*, No. 3:12-cv-059 (E.D. Va.). In early 2019, the Gupta family learned that as a result of CVTC's closing, Alisha would be transferred to Hiram Davis Medical Center ("HDMC") in Petersburg, Virginia. Dkt. 15-1 ¶ 23. The Gupta family believes that as a result of this transfer to HDMC, Alisha will be taken off her present diet in exchange for one that violates her religious beliefs. *Id.* ¶ 24. To avoid this result, the Gupta family seeks injunctive relief pursuant to the Religious Land Use and Institutionalized Persons Act, the Free Exercise Clause of the U.S. Constitution, Virginia's Religious Freedom Act, and the aforementioned Settlement Agreement. 42 U.S.C. §§ 2000cc-1–2; 42 U.S.C. § 1983; U.S. Const. amend. I; Va. Code § 57-2.02(A); *United States v. Commonwealth of Virginia, et al.*, No. 3:12-cv-059 (E.D. Va.).

Defendants have moved to dismiss Count IV of the amended complaint,[1] in which Plaintiff alleges that Defendants' actions run afoul of the aforementioned Settlement Agreement and seeks injunctive relief "requiring conduct that conforms to Alisha's religious beliefs and traditions, and of the of the Gupta family, in the performance of the Settlement Agreement with respect to Alisha." Dkt. 15-1 ¶ 66. Plaintiff did not enter any opposition to Defendants' motion, and the time to do so has long since expired. W.D. Va. Gen. R. 11(c) (requiring the party opposing a motion to submit briefing in opposition within fourteen days).

## DISCUSSION

Defendants assert that the terms of the Settlement Agreement expressly preclude Plaintiff's

---

[1] On June 6, 2019, Plaintiff was granted leave to file an amended complaint to address Defendant's Motion for More Definite Statement. Dkt. 10, 19.

attempt to enforce it against Defendants. The relevant portion of the Settlement Agreement provides:

> No person or entity is intended to be a third-party beneficiary of the provisions of this Settlement Agreement for purposes of any other civil, criminal, or administrative action, and, accordingly, no person or entity may assert any claim or right as a beneficiary or protected class under this Settlement Agreement in any separate action. This Settlement Agreement is not intended to impair or expand the right of any person or organization to seek relief against the Commonwealth or their officials, employees, or agents.

Dkt. 15-2 (Settlement Agreement) I.G. Defendants assert that this language clearly expresses an intention that no third-party beneficiaries be created by this Settlement Agreement, and thus no third party has standing to bring an action attempting to enforce the agreement against one of the contracting parties. Dkt. 23 at 5.

The Settlement Agreement does not provide whether it is governed by Virginia law or federal common law, but under either, Defendants are correct. Settlement agreements are contracts, and so "disputes respecting a settlement agreement are resolved according to the principles applicable to contracts generally." *Silicon Image, Inc. v. Genesis Microchip, Inc.*, 271 F. Supp. 2d 840, 847 (E.D. Va. 2003) (citing *Byrum v. Bear Inv. Co.*, 936 F.2d 173, 175 (4th Cir. 1991)). In her amended complaint, Plaintiff appears to assert standing to enforce the Settlement Agreement on the ground that she is a third-party beneficiary of the agreement. Dkt. 15-1 ¶¶ 61, 63.[2] For a plaintiff to bring an action enforcing the terms of a contract as a third-party beneficiary, that contract must evince an express or implied intent by the contracting parties to confer a benefit on the putative third-party beneficiary. *Kelley v. Griffin*, 471 S.E.2d 475, 477 (Va. 1996); *Sec'y of*

---

[2] "Alisha is a person intended to be encompassed by the provisions of the Settlement Agreement … ." Dkt. 15-1 ¶ 61. "Alisha is entitled to the benefit of adherence by the Commonwealth of Virginia, the officials made parties defendant [sic] in this action, and the employees under their supervision and control." *Id.* ¶ 63.

3

*State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 706 (4th Cir. 2007).

The intent of the contracting parties in this instance could hardly be clearer. The Settlement Agreement states: "No person or entity is intended to be a third-party beneficiary of the provisions of this Settlement Agreement for purposes of any other civil, criminal, or administrative action, and, accordingly, no person or entity may assert any claim or right as a beneficiary or protected class under this Settlement Agreement in any separate action." This defeats any attempt Plaintiff might have made—had they filed opposition to this motion—that the terms of the Settlement Agreement evinced an intent to create third-party beneficiaries to the agreement. Because neither Plaintiff nor any other individual has an interest in the contract enforceable in federal court as a third-party beneficiary, Plaintiff lacks standing as to Count IV.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss Count IV from the amended complaint will be granted. An appropriate order will issue.

Entered this 17th day of March, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE