CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
2/24/2021
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

ALISHA GUPTA,
*by Atul Gupta, her Legal Guardian and Father and Next Friend*,

                      *Plaintiff*,

v.

RALPH NORTHAM, *et al.*,

                      *Defendants*.

Case No. 6:19-cv-15

**MEMORANDUM OPINION**

Judge Norman K. Moon

    Plaintiff Alisha Gupta sued the Commonwealth of Virginia and four of its officials ("Defendants") for allegedly violating her religious rights. She asserts three claims against Defendants under (1) the Religious Land Use and Institutionalized Persons Act (42 U.S.C. §§ 2000cc-1, 2) ("RLUIPA"), (2) the Free Exercise Clause of the First Amendment (pursuant to 42 U.S.C. § 1983), and (3) the Virginia Religious Freedom Restoration Act (Va. Code § 57-2.02) ("VRFRA"). In their motion to dismiss, Dkt. 49, Defendants contend that Plaintiff does not allege sufficient facts showing a substantial burden on her religious exercise. Because the Court agrees, it will grant Defendants' motion to dismiss but allow Plaintiff leave to amend.

## I.    Legal Standard

    A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has stated a claim for which relief may be granted. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), with all of its allegations taken as true and all reasonable inferences drawn

in the plaintiff's favor, *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). A motion to dismiss "does not, however, resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* at 214.

Although the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (quotation marks omitted). This is not to say Rule 12(b)(6) requires "heightened fact pleading of specifics," instead the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").

## II.  Facts as Alleged

### A.  Plaintiff's Background

Plaintiff is a twenty-one-year-old with a permanent and severe brain condition. Dkt. 46 ¶ 1. She cannot speak, swallow, ambulate, or otherwise care for herself. *Id.* ¶ 11. Plaintiff also has significant difficulty regulating her body temperature. *Id.* Like her parents, Plaintiff follows the religious and cultural traditions of Jain Hindu. *Id.* ¶¶ 14–15. Traditions of Jain Hindu include, but are not limited to the following:

- belief that food is a gift from God and a representation of divinity;
- maintenance of a strict lacto-vegetarian died [sic], consisting of natural milk, natural plain yogurt, and natural vegetables, fruits, grains, and legumes;
- a prohibition on certain foods, such as meat, eggs, ginger, garlic, and onion;
- food must be consumed by hand, not by machine, as the fingers of the hand are a demonstration of elements defined in the religion;

2

- bathing with soap and water daily, at the beginning of the day; and,
- standards of modesty, so that no male, other than husband, father, or a brother [although she has none,] may touch [Plaintiff's] body, and the mouth should be covered in public or in the house if the temperature is high; and,
- study of music, dance, fine arts, and languages throughout life is required to achieve the four goals of human life.

*Id.* ¶ 20.

### B. Plaintiff's Time at CVTC

Between 2003 and April 2020, Plaintiff was a resident and patient at the Central Virginia Training Center ("CVTC"), located in Madison Heights, Virginia. *Id.* ¶ 1. CVTC provided Plaintiff with around the clock care, close monitoring, and frequent consultations with Plaintiff's physicians. *Id.* ¶ 13. In addition, nurses at CVTC prepared food that was selected specifically to conform to Jain Hindu religious standards and traditions. *Id.* ¶ 16 Some deviations were made to meet specific nutritional needs required by Plaintiff's medical conditions. *Id.* ¶ 17. Staff also administered the food, bathed Plaintiff, monitored and regulated her body temperature, and exposed her to Hindu music. *Id.* ¶¶ 17–18. While under CVTC's care, Plaintiff never experienced any bed sores or similar conditions and diarrhea was an uncommon problem for her. *Id.* ¶ 19.

During her time at CVTC, Plaintiff's parents visited her at least once a day and laundered Plaintiff's clothing but were prohibited from being in Plaintiff's room when CVTC staff fed her. *Id.* ¶ 24. CVTC also prohibited the Gupta family from bringing in religious-specific foods, such as natural yogurt. *Id.* ¶ 21. Instead, CVTC purchased commercially prepared foods from nearby grocery stores. *Id.* These foods included: yogurt, Gerber baby food vegetables, and fruit—all of which were labeled as organic, natural, or not genetically modified. *Id.*

Staff prepared the meals in the room by hand, mixed them into a liquid form, and fed Plaintiff by hand through a funnel-feeding tube. *Id.* ¶ 22. The family did not allow CVTC to use a mechanical food pump to feed Plaintiff, even though they acceded to the use of a feeding tube

3

because of Plaintiff's inability to swallow. *Id.* In addition, Plaintiff's family made a second concession and allowed CVTC to feed Plaintiff Carnation Instant Breakfast. *Id.* ¶ 23. Carnation is a food product that contains additional milk-based protein and vitamins. *Id.* The added protein and vitamins provided Plaintiff with nutrients that she could not otherwise obtain.

### C. Plaintiff's Move to HDMC

CVTC closed in April 2020 as a result of a settlement agreement between the United States Department of Justice and the Commonwealth, which closing was about one month after Governor Northam declared a health emergency on account of the COVID-19 pandemic. Virginia's Department of Behavioral Health & Developmental Services moved Plaintiff to a new facility located in Petersburg, Virginia—Hiram David Medical Center ("HDMC"). *Id.* ¶ 26.

Plaintiff's routine has changed in numerous ways since moving to HDMC. For instance, her family has largely been unavailable to her. *Id.* ¶ 34. Her parents have only seen her six times since her move. *Id.* Plaintiff's diet has also changed substantially from what she received at CVTC. HDMC staff provides Plaintiff with "pouches" of food (known as Real Food Blends), the contents of which, she asserts, "cannot be ascertained with certainty." *Id.* ¶ 45. But she also alleges that the pouches "do not comply with Hindu religious dietary standards." *Id.* In addition to the Real Food Blends, Alisha receives milk as a part of her diet—something which was not originally included when she first moved to HDMC. *Id.* ¶ 38.

Since moving to HDMC, Plaintiff has lost nearly 10 pounds, developed an ulcer from repeated constipation, and suffered a dislocated right leg. *Id.* Plaintiff claims that she is entitled the same care she received at CVTC and seeks injunctive relief to assure that her legal and religious rights are fully recognized and followed. *Id.* ¶ 50.

### III.    Discussion

Count 1 of the second amended complaint alleges that Defendants' "decision to change the composition of food provided or administered to Plaintiff while she is a resident of HDMC will impose a substantial burden on [her] religious exercise" under RLUIPA. *Dkt. 46 at 13–15*. The remaining counts make the same allegations as count 1 but under the Free Exercise Clause of the First Amendment (count 2) and Virginia's RFRA statute (count 3). *Id.* at 15–17.

To state a claim under RLUIPA, a plaintiff must allege facts showing that the actions of government officials "impose a substantial burden on religious exercise." 42 U.S.C. § 2000cc-1(a). This is similar to the showing necessary under the Free Exercise Clause, where a plaintiff must show that "governmental actions [] substantially burden religious practice." *Employment Div. v. Smith*, 494 U.S. 872, 883 (1990). For the purposes of RLUIPA and the Free Exercise Clause, a substantial burden is one that "put[s] substantial pressure on an adherent to modify [her] behavior and to violate [her] beliefs," *Thomas v. Review Bd. of Ind. Employment Sec. Div.*, 450 U.S. 707, 718(1981); *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006). Further, VRFRA provides that "[n]o government entity shall substantially burden a person's free exercise of religion." Va. Code 57-2.02(B). The Virginia law defines a substantial burden as one that "inhibit[s] or curtail[s] religiously motivated practice." Va. Code 57-2.02(B). Thus, under all three counts, Plaintiff must allege sufficient facts to show that her religious exercise has been substantially burdened.

Plaintiff asks that the Court "presume" her diet at HDMC is "NOT a Hindu compliant diet because it is substantially different from the Hindu compliant diet" she received at CVTC. Dkt. 53 at 10 (emphasis in original). This argument is unpersuasive. The second amended complaint does include sufficient factual allegations showing that Plaintiff's health started to deteriorate on the Real Food Blends diet and that her parents have had minimal opportunity to see her since she

5

moved to HDMC. Dkt. 46 ¶ 34, 36. However, without more specific factual allegations related to the contents of her current diet, Plaintiff does not—and cannot—show that the Government is forcing her to modify her religious practice by consuming Real Food Blends. The conclusory allegation that the unascertainable contents of the pouches do "not comply with Hindu religious dietary standards" is insufficient. Dkt. 46 ¶ 45; *see Twombly*, 550 U.S. at 557 ("[A] complaint [will not] suffice if it tenders naked assertion[s] devoid of further factual enhancements."); *Simmons*, 634 F.3d at 768.

That pleading deficiency is only underscored by the allegations in the complaint and acknowledged in Plaintiff's argument that she does not know the contents of the pouches, Dkt. 46 ¶ 45, undermining the assertion they are non-complaint. Indeed, Plaintiff does not allege that her religion requires her to only consume the specific diet she received at CVTC. Nor does she allege how the specific ingredients in the Real Food Blend pouches violate her "strict lacto-vegetarian" diet, consisting of "natural milk, natural plain yogurt, and natural vegetables, fruits, grains, and legumes." Dkt. 46 ¶ 20. Instead, Plaintiff only asserts that the pouches contain unascertainable contents and those unknown contents violate her religious beliefs. Even construed liberally, the second amended complaint does not "allow the court to draw the *reasonable inference*" that HDMC's use of Real Food Blends substantially burdens Plaintiff's religious exercise. *See Iqbal*, 556 U.S. at 678 (emphasis added). This is not to say that the contents of the pouch must be *alleged* with scientific precision to state a plausible claim to relief. But the current complaint contains no factual allegations concerning their unknown contents, or otherwise as would support a reasonable inference that her diet violates her religious beliefs.

Accordingly, the Court concludes that the complaint, as presented, does not allege sufficient facts demonstrating a substantial burden on religious exercise. The Court will dismiss

6

the claims against Defendants without prejudice. The Court will further grant Plaintiff leave to amend. *See* Fed. R. Civ. P. 15(a)(2) (stating that courts "should freely give leave [to amend] when justice so requires"); *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 448 (4th Cir. 2004) ("The language of Federal Rule of Civil Procedure 15(a) has been construed to counsel a liberal reading of its application.").

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Defendants' motion to dismiss. Dkt. 49. Counts 1–3 will be dismissed as to all Defendants without prejudice, affording Plaintiff leave to amend. An accompanying order shall issue.

The Clerk of Court shall send a copy of this Memorandum Opinion to all counsel of record. Entered this 24th day of February, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE